UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES LANGONE, as FUND MANAGER )
for the NEW ENGLAND TEAMSTERS and )
TRUCKING INDUSTRY PENSION FUND, )
       Plaintiff, )
        )
v. )   Civil Action No. 05-CV-10821 RWZ
        )
WASTE MANAGEMENT OF )
MASSACHUSETTS, INC., )
       Defendant. )
        )

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT WASTE MANAGEMENT OF MASSACHUSETTS, INC.**

Defendant Waste Management of Massachusetts, Inc. ("WM" or "Defendant") hereby responds to the Complaint filed against it by Charles Langone, as Fund Manger for the New England Teamsters and Trucking Industry Pension Fund ("Plaintiff") as follows:

1.     Paragraph 1 is a summary of Plaintiff's claim to which no response is required. To the extent a response is required, Defendant denies same.

2.     Paragraph 2 states a conclusion of law to which no response is required. To the extent a response is required, Defendant admits the claims in paragraph 2.

3.     Paragraph 3 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies same.

4.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 4, and therefore denies same.

5.     Defendant admits that it is an employer with a business address at 1001 Fannin Street, Suite 4000, Houston, TX 77002, and a registered office at 101 Federal Street, Boston, MA 02110. The second sentence of paragraph 5 states a conclusion of law to which no response

is required. To the extent that a response is required, Defendant denies same. All other allegations in Paragraph 5 are denied.

6. Paragraph 6 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies same.

7. Paragraph 7 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies same.

8. Paragraph 8 purports to describe the contents of a document, the terms of which speak for themselves. To the extent a response is required, Defendant denies same.

9. Paragraph 9 purports to describe the contents of a document, the terms of which speak for themselves. To the extent a response is required, Defendant denies same.

10. Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 10, and therefore denies same.

11. Paragraph 11 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred by the doctrines of laches, waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

No relief is available to Plaintiff because the temporary workers utilized by Defendant are not employees under the terms of the Collective Bargaining Agreement.

### FOURTH AFFIRMATIVE DEFENSE

No relief is available to Plaintiff because the terms of the Collective Bargaining Agreement do not permit contributions to the pension fund for temporary workers.

### FIFTH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to assert such additional affirmative defenses as may become appropriate in the future.

### SIXTH AFFIRMATIVE DEFENSE

Any allegation in the Complaint not expressly admitted in this Response is denied.

Respectfully submitted,

WASTE MANAGEMENT OF
MASSACHUSETTS, INC.

By its attorneys,

David C. Casey (BBO # 077260)
David M. Jaffe (BBO# 641610)
LITTLER MENDELSON P.C.
One International Place
Suite 2700
Boston, MA 02110
Telephone: (617) 378-6000

Dated: September 12, 2005

80404232.1 046621.1111

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel of record for Plaintiff by first-class mail this 12th day of September, 2005.

_____
David M. Jaffe